# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ZACHARY FREEMAN, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | |
| CLOUD 9 SMOKE COMPANY, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff, ZACHARY FREEMAN ("Plaintiff"), brings this action against Defendant, CLOUD 9 SMOKE COMPANY, INC. ("Defendant"), on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. This action arises out of Defendant's practice of sending autodialed text messages to individuals. Defendant's actions violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. A text message is a "call" as defined by the TCPA. *E.g., Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009).

3. Plaintiff is one such recipient of Defendant's spam text messaging. Defendant sent text messages to Plaintiff's cellular telephone.

4. The text messages were sent without prior express written consent of the recipient.

5. The text messages were sent using an automatic telephone dialing system, and were not sent for an emergency purpose.

6. Accordingly, Plaintiff brings this TCPA action on behalf of Plaintiff and a proposed class of similarly situated individuals who received these text messages without express consent to receive such text messages.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Marietta, Cobb County, Georgia.

8. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is a Georgia business corporation based in Kennesaw, Cobb

County, State of Georgia.

## ZACHARY FREEMAN v. CLOUD 9 SMOKE COMPANY, INC.

11. On or around August 2, 2018, Defendant began using Plaintiff's cellular telephone number for the purpose of sending Plaintiff unsolicited text messages. The text messages were sent as part of the marketing campaign, the purpose of which was to advertise Defendant's products and/or services to a large number of potential customers in a short period of time.

12. Defendant placed the text messages from "998-88," an abbreviated telephone number knows as an SMS short code licensed and operated by Defendant or one of its agents on its behalf.

13. On at least six (6) occasions since Defendant began sending Plaintiff text messages, in an effort to get the text messages to stop, Plaintiff replied "STOP" which was the method provided in the text message to stop further messages.

14. Despite Plaintiff's repeated requests for Defendant to stop sending him text messages, Defendant continued to send text messages to Plaintiff.

15. Plaintiff did not provide Defendant or its agents with prior written express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

16. Even if Defendant had Plaintiff's consent to contact Plaintiff on his cellular telephone, Plaintiff revoked any such authority when Plaintiff told Defendant to stop all further text communications.

17. Despite such revocation, Plaintiff received further text messages from Defendant.

18. The text messages placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

19. The system used by Defendant has the capacity to store numbers, or to produce telephone numbers to send text messages using a random or sequential number generator. This is evidenced by:

    a. The similar content and structure of the text messages;

    b. The short code 998-88 used to send the text messages;

    c. The pattern of the dates and times the text messages are sent;

    d. That incoming text messages are not monitored;

    e. That the number used to send the text messages does not accept incoming phone calls;

    f. That the text messages can be stopped automatically via a "STOP" command; and

    g. That none of the text messages were sent with human intervention.

20. The telephone number that Defendant, or its agent, sent text messages to was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming text messages pursuant to 47 U.S.C. § 227 (b)(1).

21. These text messages were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

22. Accordingly, text messages were sent in violation of the TCPA, as the text messages were sent to Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's prior express written consent.

23. Plaintiff has suffered actual injury as a result of Defendant's text messages, including:

    a. Loss of device storage;

    b. Data usage;

    c. Plan usage;

    d. Depletion of device's battery;

    e. Trespass to chattel;

    f. Lost time tending to unsolicited text messages; and

    g. Invasion of privacy.

## **CLASS ALLEGATIONS**

24. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

    > Plaintiff and all persons within the United States, within the four years immediately preceding the filing of this Complaint, Defendant or some person acting on Defendant's behalf sent a text message to their cellular telephone advertising Defendant's goods and/or services, through the use of the same or materially similar telephone dialing equipment as that which was used to send the texts at issue to the Plaintiff.

    (the "Class")

25. Excluded from this class are Defendant and any entities in which Defendant have a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families; and any claims for personal injury, wrongful death, and/or emotional distress.

26. The Class members for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

27. The exact number and identities of the persons who fit within the class are ascertainable in that Defendant maintains written and electronically stored data showing:

    a. The time period(s) during which Defendant sent their text messages;

  b. The telephone numbers to which Defendant sent their text messages; and

  c. The content of these text messages.

28. The Class is comprised of hundreds, if not thousands, of individuals nationwide.

29. There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

  a. Whether, within the past four (4) years of filing this Complaint, Defendant placed any unsolicited text message (other than a text message made for emergency purposes or made with the prior express written consent of the texted party) to a Class member using any automatic telephone dialing and/or texting system to any telephone number assigned to a cellular telephone services;

  b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation;

  c. Whether Defendant took adequate steps to acquire and/or track consent;

  d. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

30. As a person that received at least one unsolicited text message without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

31. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

32. Plaintiff and all putative Class members have also necessarily suffered actual damages in addition to statutory damages, as all Class members spent time tending to Defendant's unwanted text messages and, due to the nature of text messages, the text messages at issue took up space on putative Class

members' devices, used Class members' cellular telephone plans, caused a nuisance to Class members, and invaded Class members' privacy.

33. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

34. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

35. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class as a whole.

36. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

38. Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(B)(1)(A)(III)

39. Plaintiff incorporates by reference paragraphs 1-38 of this Complaint as though fully stated herein.

40. Defendant sent text messages to Plaintiff and Class members on their cellular telephone numbers.

41. The text messages were sent using an "automatic telephone dialing system."

42. The text messages were not sent for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

43. Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,
### 47 U.S.C. § 227 ET SEQ.

39. Plaintiff incorporates by reference paragraphs 1-38 of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

43. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

45. An award of reasonable attorneys' fees and costs.

46. Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

47. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

48. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

49. An award of reasonable attorneys' fees and costs.

50. Any other relief the Court may deem just and proper.

                              RESPECTFULLY SUBMITTED,

April 4, 2019                      By: /s/ Shireen Hormozdi
                                      Shireen Hormozdi
                                      SBN: 366987
                                      Hormozdi Law Firm, LLC
                                      1770 Indian Trail Lilburn Road, Suite 175
                                      Norcross, GA 30093
                                      Tel: 678-395-7795
                                      Fax: 866-929-2434
                                      shireen@agrusslawfirm.com
                                      shireen@norcrosslawfirm.com
                                      Attorney for Plaintiff